```
12
```
HAGOP T. BEDOYAN, CSB NO. 131285
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 217
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847

Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| In re: | Case No. 09-52610 |
|---|---|
| LIGHTHOUSE LODGE, LLC | Chapter 11 |
| Debtor-in-Possession. | DC No. KDG-10 |
| | Date: January 6, 2010<br>Time: 10:30 a.m.<br>Place: United States Bankruptcy Court<br>280 S. First Street<br>San Jose, California<br>Judge: Honorable Robert L. Efremsky |

### SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

To the Honorable Robert L. Efremsky, United States Bankruptcy Judge:

The Second Application for Interim Compensation and Reimbursement of Expenses by Attorneys for Debtor (the "Application") of Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein, DeNatale" or "Applicant") respectfully represents:

I. **NOTICE.**

Notice of the hearing on this Application has been provided pursuant to Federal Rule of Bankruptcy Procedure 2002.

///

///

## II. INTRODUCTION.

Klein, DeNatale is a professional law corporation, each of whose attorneys are duly licensed and admitted to practice before this Court. Klein, DeNatale is the attorney for Lighthouse Lodge, LLC, the debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), having been so retained under general retainer by order of this Court authorizing and approving such employment. As such attorney, Klein, DeNatale has performed various legal services for the Debtor, some of the particulars of which are hereinafter set forth.

## III. EMPLOYMENT AUTHORIZATION.

On April 14, 2009, this Court entered its Order Authorizing Employment of General Counsel which authorized the Debtor to employ Klein, DeNatale under a general retainer on an hourly basis to provide aid and assistance in the administration of this case, to provided continued representation in all negotiations and proceedings involving creditors and other parties in interest, to prepare and assist in the confirmation of a plan, and to represent Debtor in all other legal aspects of the Chapter 11 case. A copy of this order is attached hereto as **Exhibit "A"** and by this reference incorporated herein.

## IV. KLEIN, DENATALE'S ATTORNEYS FEES AND EXPENSES.

Klein, DeNatale seeks approval of its attorneys' fees and expenses incurred in this Chapter 11 case from July 24, 2009 through November 30, 2009 in the amount of $19,270.50 and $587.34 respectively.

After application of Klein, DeNatale's Chapter 11 advance retainer of $0, the net amount prayed for by Klein, DeNatale is $19,857.84.

## V. HISTORY AND PRESENT POSTURE OF CASE.

The Debtor filed its Chapter 11 Case on April 9, 2009 (the "Petition Date"). The Debtor has at all times acted as a debtor in possession. No official committee of unsecured creditors has been appointed in this case.

///

///

///

A.  **GENERAL BACKGROUND.**

The Debtor is a California limited liability company, formed in 1998. In October of 2004, the Debtor amended its operating agreement, wherein Jacci Pflieger was named as the managing member of the Debtor.

The Debtor is a 95-room hotel located in Pacific Grove, California. The Debtor's operation of the hotel generates revenue through guest room bookings, meeting room rentals, food and beverage services, and other guest services such as telephone and Internet use.

As of the Petition Date, the Debtor employed approximately 35 employees. In its last fiscal year, the Debtor realized roughly $3.2 million in gross revenues. The Debtor's obligations as of the Petition Date consisted of approximately $8,756,000 in secured debt, $291,281 in priority unsecured debt and approximately $5,725,490 in general unsecured debt, owed to more than 175 suppliers and other vendors. Included in the general unsecured debt category is an obligation (disputed in part) owed to Geneva Real Estate (Geneva) in the amount of $5,511,392. Geneva is an "insider" since it is controlled by one of the Debtor's member's, Carl Miller, who owns a 20% interest in the Debtor.

On September 16, 1998 the Debtor executed a promissory note with Nationsbank, N.A., the predecessor to Orix, in the original principal amount of $9,300,000 (the "Note"). The Note was secured by a first priority Deed of Trust against the Hotel dated September 16, 1998, and, as noted above, a continuing security interest in the rents and profits and the personality generated and owned by the Debtor. (collectively, the "Loan Documents"). Under the terms of the Loan Documents, Orix, as successor to Nationsbank, N.A., holds a first priority lien against substantially all of the Debtor's real and personal property assets, including rents generated by the operation of the Hotel.

Based upon various events of default under the terms of the Orix Loan Documents, Orix on March 2, 2009, accelerated all amounts due and owing there under.

On March 23, 2009, Orix filed a complaint in the Superior Court of the State of California, Monterey County, seeking specific performance and the appointment of a receiver. Accordingly, rather than suffer the substantial disruption and harm to both the Debtor's

operations and the Debtor's ongoing efforts to sell the hotel, that would result from the installation of a receiver, the Debtor commenced this Chapter 11 case on the Petition Date.

**B.  DEBTOR'S ASSETS AND LIABILITIES.**

(1) <u>The Debtor's Principal Assets</u>:  Currently, the Debtor's principal asset are comprised of (i) real property located in Pacific Grove, California, where Debtor operates its hotel, valued at approximately $18,5000,000.00; (ii) cash on deposit in various bank accounts, totaling more than $213,400.00 as of the Petition Date; and (iii) accounts receivable in the amount of $413,541.69 as of the Petition Date, of which $221,862.55 is uncollectable.

(2) <u>The Debtor's Principal Liabilities</u>:  As of August 6, 2009, the total scheduled and filed claims are as follows: (i) secured claims: $8,940,897.97; (ii) priority tax claims: $236,146.79; and (iii) general unsecured claims: $5,753,188.98 (of which $5,511,392.19 is disputed).  Of the total asserted claims, $5,518,874.42 represents the claims of insiders of the Debtor.  The actual general unsecured claims may be higher based on the filing of claims on or before the bar date for filing non-governmental proofs of August 11, 2009.

**C.  SUMMARY OF EVENTS DURING CHAPTER 11 CASE.**

Below is a summary of significant events during the Chapter 11 case, further details of which in the applicable project billing code below.

1. Preparation of Debtor's schedules, attendance at Initial Debtor Interview and Meeting of Creditors;

2. Sought and obtained authorization to use cash collateral based upon stipulation with Debtor's largest secured creditor, ORIX Financial;

3. Sought and obtained authorization to employ Debtor's counsel, accountant, realtor and appraiser;

4. Sought and obtained authorization to extend the exclusivity period to December 10, 2009; and

5. Began preparation of the Debtor's Plan and Disclosure Statement.

///

///

## VI. PROJECT BILLING.

Klein, DeNatale has included the following project billing categories in this case:

### A. CASE ADMINISTRATION (GENERALLY)

This project billing category includes matters of a general nature that do not fit more logically in another, more discrete project billing category. Also included is Applicant's preparation of memoranda regarding action items in the case.

**Project Summary**

Attorneys' fees related to this project billing category are set forth and described in detail in **Exhibit "B"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Hagop T. Bedoyan (HTB) | 16.40 | $285.00 | $4,674.00 |
| Stephen C. Pickup (SCP) | 1.40 | $85.00 | $119.00 |

### B. ASSET DISPOSITION.

This project billing category includes Applicant's attorneys' fees relative to the sale or divesting of the Debtor's assets.

**Project Summary**

Attorney's fees related to this project billing category are set forth and described in detail in **Exhibit "C"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Hagop T. Bedoyan (HTB) | 18.50 | $285.00 | $5,272.50 |

///

///

## C. FEE AND EMPLOYMENT APPLICATIONS.

This project billing category includes Applicant's attorneys' fees related to its work related to preparation of employment applications. The Debtor also required the employment of an appraiser, specifically Hanna and Associates. This project billing category includes the preparation of all pleadings regarding such employment, as well as preparation of all pleadings relative to fee applications.

### Project Summary

Attorney's fees related to this project billing category are set forth and described in detail in **Exhibit "D"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Hagop T. Bedoyan (HTB) | 4.40 | $285.00 | $1,254.00 |
| Jacob L. Eaton (JLE) | 3.50 | $185.00 | $647.50 |

## D. OPERATIONS.

This project billing category includes Applicant's attorneys' fees related to the day-to-day operations of the Debtor's business which do not fit within a more discrete project billing category.

### Project Summary

Attorney's fees related to this project billing category are set forth and described in detail in **Exhibit "E"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Hagop T. Bedoyan (HTB) | 0.80 | $285.00 | $228.00 |

E.  **FINANCING AND CASH COLLECTIONS.**

This project billing category includes Applicant's attorneys' fees relative to obtaining the Court's permission to use cash collateral which was necessary for Debtor to continue its operations.

### Project Summary

Attorney's fees related to this project billing category are set forth and described in detail in **Exhibit "F"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Hagop T. Bedoyan (HTB) | 2.40 | $185.00 | $684.00 |

F.  **CLAIMS AND PLAN.**

This project billing category includes Applicant's attorneys' fees relative to the review and analysis of creditors' claims.

### Project Summary

Attorney's fees related to this project billing category are set forth and described in detail in **Exhibit "G"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Sarah N. Stauch (SNS) | 1.50 | $100.00 | $150.00 |

G.  **PLAN AND DISCLOSURE STATEMENT.**

This project billing category includes Applicant's attorneys' fees relative to the preparation of the Debtor's Plan and Disclosure Statement as well as the review of competing Plans and Disclosure Statements.

///

00567612.000.DOC    7    SECOND APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES BY ATTORNEYS FOR DEBTOR

Case: 09-52610    Doc# 93    Filed: 12/16/09    Entered: 12/16/09 14:29:45    Page 7 of 12

### Project Summary

Attorney's fees related to this project billing category are set forth and described in detail in **Exhibit "H"** hereto and by this reference incorporated herein, which exhibit identifies the individual professionals who performed specific services by the initials indicated below and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Hagop T. Bedoyan (HTB) | 21.90 | $285.00 | $6,241.50 |

### VII. PROJECT BILLING SUMMARY.

A summary of all project billing categories used by Applicant in this case, including hours of professional time devoted to each category and the amount of attorneys' fees included therefore, is attached hereto as **Exhibit "I"** and by this reference incorporated herein.

### VIII. BILLING SUMMARY.

In the course of its representation of the Debtor in these matters from July 24, 2009 through November 30, 2009, Klein, DeNatale has devoted in excess of 70 hours of professional time in the performance of such services, including those set forth hereinabove, and can be summarized as follows:

Professional hours expended:

| Professional/Initials | Hours | Rate | Amount |
|---|---|---|---|
| Hagop T. Bedoyan (HTB) | 64.40 | $285.00 | $18,354.00 |
| Jacob L. Eaton (JLE) | 3.50 | $185.00 | $647.50 |
| Sarah N. Stauch (SNS) | 1.50 | $100.00 | $150.00 |
| Stephen C. Pickup (SCP) | 1.40 | $85.00 | $119.00 |
| **Totals** | **70.80** | | **$19,270.50** |

### IX. VOLUNTARY REDUCTION OF ATTORNEYS' FEES.

In preparing this Application and reviewing time entries for services rendered by Klein, DeNatale in this case, Applicant has reduced its attorneys' fees by $1,335.13.

### X. REIMBURSEMENT OF EXPENSES.

Klein, DeNatale has also incurred expenses in the sum of $587.34 from July 24, 2009 through November 30, 2009 as itemized in **Exhibit "J"** attached hereto and by this reference

incorporated herein. The amounts currently charged by Klein, DeNatale for ordinary and customary expenses are as follows:

| | |
|---|---|
| Automobile travel[1]: | 55¢/mile |
| Faxes: | 20¢/page |
| Internal photo-copying: | 20¢/page |
| Computerized research: | actual cost |
| Court reporters fees: | actual cost |
| Document storage & disposal: | actual cost |
| Filing fees: | actual cost |
| Lien searches: | actual cost |
| Long distance telephone: | actual cost |
| Messenger[2]: | actual cost |
| Other travel (e.g. airfare): | actual cost |
| Outside photo-copying: | actual cost |
| Overnight delivery[3]: | actual cost |
| Parking[4]: | actual cost |
| Postage: | actual cost |
| Printing: | actual cost |
| Process service: | actual cost |
| UCC Searches: | actual cost |
| Witness fees: | actual cost |
| Working meals: | actual cost |

## XI. PRIOR COMPENSATION.

1. In the days prior to the commencement of this bankruptcy case, Klein, DeNatale received payments from the Debtor of $25,000.00, which was paid to Applicant as an advance retainer (the "Retainer") toward attorneys' fees and costs expended during the case. The source of this compensation was the Debtor. Prior to the commencement of this case, Klein, DeNatale accepted $9,151.00 as payment for pre-petition fees and expenses. The balance of the Retainer as of the date of this Application is $0. The Debtor also agreed to pay Klein, DeNatale such additional attorneys' fees and expenses as may be approved by this Court. This is Klein, DeNatale's second application for interim compensation. A prior request

---

[1] No part of the automobile travel expense requested herein is attributable to travel by a professional, paraprofessional or other staff members, regardless of the day of the week or time of the day, between his or her residence and principal place of business. The mileage reimbursement rate is in conformity with the amount allowed by the Internal Revenue Service.

[2] Klein, DeNatale utilizes a messenger service only when circumstances warrant same say delivery or when the article delivered is of such import that its safe and timely deliver cannot be entrusted to the United States Postal Service.

[3] Klein, DeNatale Utilizes overnight delivery services only when circumstances warrant deliver faster than can be achieved by first class mail.

[4] No part of the parking expense requested herein is attributable to parking for professionals, para-professionals or other staff members at their principal place of business regardless of the day of the week or time of the day.

for compensation or reimbursement of expenses has been submitted by Klein, DeNatale for attorneys' fees in the sum of $17,047.00 and reimbursement of expenses in the sum of $2,722.95 for a total award of $19,769.95. That prior request was granted by the Court on September 11, 2009.

## XII. SOURCE OF COMPENSATION.

The source of compensation to be paid to Applicant is cash held by the Debtor.

## XIII. NO SHARING OF COMPENSATION.

No compensation previously received by Klein, DeNatale has been shared with any other person, and no agreement or understanding exists between Klein, DeNatale and any other person for the sharing of compensation received or to be received for services rendered in, or in connection with, this case, except with regular members and associates of Klein, DeNatale.

## XIV. UNPAID CHAPTER 11 EXPENSE OF ADMINISTRATION OF CLAIMS.

Other than the claim of Applicant set forth herein, there are no other unpaid Chapter 11 expenses of administration.

## XV. RELIEF REQUESTED.

By this Application, Klein, DeNatale seeks both allowance and approval of payment of all attorneys' fees and expenses incurred by Klein, DeNatale in its representation of the Debtor from July 24, 2009 to November 30, 2009 by not yet compensated or reimbursed. Specifically, Klein, DeNatale requests approval of this Chapter 11 attorneys' fees and expenses incurred from July 24, 2009 to November 30, 2009 in the amount of $19,270.50 and $587.34, respectively, for a total of $19,857.84. After application of its Chapter 11 advance retainer of $0, the net amount prayed for by Applicant is $19,857.84. In view of the time expended, the responsibilities assumed, and the reputation and skill of Klein, DeNatale in the field of bankruptcy and commercial law, Klein, DeNatale respectfully submits that the foregoing represents the reasonable value of the services rendered. Klein, DeNatale believes that the services rendered were necessary, and that the attorneys fees requested constitute reasonable and necessary fees expended on behalf of the estate.

**WHEREFORE,** Klein, DeNatale prays that this Court entered its Order (i) approving all attorneys fees incurred by Klein, DeNatale in its representation of the Debtor from July 24, 2009 through November 30, 2009 in the sum of $19,270.50; (ii) approving reimbursement of all expenses incurred by Klein, DeNatale in its representation of Debtor from July 24, 2009 through November 30, 2009 in the sum of $587.34; (iii) authorizing the Debtor to pay Klein, DeNatale the sum of $19,857.84, for services rendered and costs expended from July 24, 2009 through November 30, 2009 in excess of the Retainer; (iv) for such other and further relief as the Court deems just and proper.

Date: December 14, 2009

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL, LLP

By: */s/ Hagop T. Bedoyan*
Hagop T. Bedoyan, Attorneys for Debtor-in-Possession

# CERTIFICATION REGARDING COMPLIANCE WITH GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS

I, Hagop T. Bedoyan, am the professional designated by Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP ("Klein, DeNatale") with the responsibility in this case for compliance with the GUIDELINES FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF PROFESSIONALS AND TRUSTEES (the "Guidelines") promulgated by this Court and I hereby certify that:

(1) I have read the foregoing application;

(2) To the best of my knowledge, information and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought herein is in conformity with the Guidelines, except as follows:

    (a) Klein, DeNatale has included all of its expenses on one exhibit to the Application (**Exhibit "J"**) rather than specifying expenses for each project billing category as it is not practical to separate the expenses by project billing category.

(3) The compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by Klein, DeNatale and generally accepted by Klein, DeNatale's clients;

(4) All of the time records attached to this application are accurate and were recorded in the regular and ordinary course of business contemporaneously with the services provided; and

(5) This Application was transmitted to the Debtor with the cover letter required by the Guidelines, a copy of which is attached hereto as **Exhibit "K"** and by this reference incorporated herein.

I hereby certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief formed after reasonable inquiry and that this declaration was executed by me at Fresno, California on December 14, 2009.

/s/ *Hagop T. Bedoyan*
Hagop T. Bedoyan